IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

PRUCO LIFE INSURANCE CO.,            *

    Plaintiff,                    *

vs.                                  *
                                 CASE NO. 4:23-cv-36 (CDL)

ELIZABETH ANN BICKERSTAFF *et*     *
*al.*,
                              *

    Defendants.                   *

                              *

_____

O R D E R

    This interpleader action arises from a dispute concerning the proper beneficiary of George Hale ("Bick") Bickerstaff's (hereinafter "decedent") life insurance policy.  The claimants are currently litigating their rights to the insurance proceeds in state court based on the so-called Georgia "slayer statute," although no interpleader action has been filed there and Pruco Life Insurance Company ("Pruco"), the interpleader plaintiff here, is not a party in the state court action.  Pruco takes no position on who should receive the proceeds; it simply seeks to deposit the life insurance proceeds into this Court's registry and be relieved of further liability.  One of the claimants, Christina Necole Vazquez Klecha, filed a motion to dismiss, or alternatively, to stay this interpleader action based on *forum non conveniens* and *Colorado River* abstention.  Pruco and another claimant, Elizabeth

Bickerstaff, oppose that motion.  For the reasons explained in the remainder of this Order, the Court grants Pruco's Motion to Deposit the Interpleader Funds (ECF No. 10) into the Court's registry and denies Klecha's Motion to Dismiss, or Alternatively, Stay (ECF No. 17) this action.  Accordingly, Pruco is permitted to deposit the life insurance proceeds into the registry of the Court.  The stay of discovery and pretrial proceedings is hereby lifted.  Further, given that the facts and evidence relating to the claims in this action have largely been discovered as part of a related case pending in this Court, an abbreviated discovery period is appropriate.  Within fourteen days of today's order, the parties shall submit a jointly proposed scheduling order with a dispositive motion deadline of January 5, 2024.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.  But

"Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Pruco alleges the following facts in support of its interpleader claims.

Pruco issued decedent a life insurance policy (Policy No. L4174989H), which provided for the payment of $1,000,510.49 to the beneficiaries of the policy.  Compl. ¶¶ 9, 13, ECF No. 1. Decedent, who was the victim of a homicide, subsequently died. *Id.* ¶ 12.  Elizabeth Bickerstaff, decedent's sister, was present at the time of decedent's death and was the subject of an investigation by law enforcement officials.  *Id.* ¶ 15.  No criminal charges were ever brought against Elizabeth.[1]  Resp. of Def. Elizabeth Ann Bickerstaff Mot. for Interpleader Deposit of Proceeds Ex. A, District Att'y Correspondence 1, ECF No. 22-1.  At the time of decedent's death, Elizabeth was designated as the primary beneficiary of the life insurance policy.  Compl. ¶¶ 11-12.  Accordingly, upon decedent's death, Elizabeth asserted a claim to the life insurance proceeds.  *Id.* ¶ 14.

---

[1] To minimize confusion, the Court refers to Elizabeth Bickerstaff by her first name.  The Court refers to Bick Bickerstaff as "decedent."

Klecha, decedent's biological daughter, contends that she is the rightful beneficiary of the policy because of Elizabeth's involvement in decedent's death. *Id.* ¶¶ 17, 19, 21, 23. On July 12, 2021, Klecha brought an action in the Superior Court of Harris County, Georgia, alleging that Elizabeth forfeited her right to any of decedent's assets pursuant to Georgia's "slayer statute." *Id.* ¶ 17. That action is currently pending. *See Vazquez-Klecha v. Bickerstaff*, No. 21-cv-228 (Ga. Super. Ct. 2021). Klecha also brought an action in this Court against Elizabeth seeking damages for decedent's wrongful death. Compl. ¶ 16. This Court granted summary judgment in favor of Elizabeth on that claim. *See Vazquez-Klecha v. Bickerstaff*, No. 4:20-cv-227 (CDL), 2021 WL 5985004, at *4-5 (M.D. Ga. Dec. 16, 2021). Pruco filed this interpleader action on February 23, 2023 so that the claimants could assert their competing claims to the life insurance proceeds and to relieve it of further liability.

DISCUSSION

Two motions are presently pending before the Court: Pruco's Motion to Deposit the Interpleader Funds (ECF No. 10) and Klecha's Motion to Dismiss (ECF No. 17) based on *forum non conveniens* and *Colorado River* abstention. The Court addresses each motion in turn.

**I.    Motion to Deposit Interpleader Funds (ECF No. 10)**

Pruco moves to deposit the life insurance proceeds in dispute
—$1,000,510.49 plus interest—into the Court's registry pursuant to
28 U.S.C. § 1335(a)(2) and Federal Rules of Civil Procedure 22 and
67.  Accordingly, the Court must determine whether interpleader is
appropriate in this action.  Interpleader allows a party who holds
money claimed by multiple adverse claimants to avoid "multiple
liability by asking the court to determine the asset's rightful
owner." *In re Mandalay Shores Coop. Hous. Ass'n*, 21 F.3d 380, 383
(11th Cir. 1994).  The party holding the funds "typically claims
no interest in [the] asset and does not know the asset's rightful
owner." *Id.*  A plaintiff can initiate a statutory interpleader
action when two or more adverse claimants of diverse citizenship
assert claims to funds worth $500 or more, and the plaintiff
deposits the funds with the court.  28 U.S.C. § 1335(a).  A
plaintiff can initiate a rule interpleader action when the
plaintiff is completely diverse from each adverse claimant and the
amount in controversy is greater than $75,000.  28 U.S.C. §
1332(a); *Ohio Nat'l Life Assurance Corp. v. Langkau ex rel. Est.
of Langkau*, 353 F. App'x 244, 249 (11th Cir. 2009) (per curiam)
(citing *Lummis v. White*, 629 F.2d 397, 400 (5th Cir. 1980), *rev'd
on other grounds by Cory v. White*, 457 U.S. 85 (1982)).

An interpleader action proceeds in two stages.  First, the
court determines whether interpleader is proper and "whether to

discharge the stakeholder from further liability to the claimants." *Klayman v. Jud. Watch, Inc.*, 650 F. App'x 741, 743 (11th Cir. 2016) (per curiam) (quoting *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)).  "Second, the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Id.* (quoting *Hovis*, 553 F.3d at 262).  The burden is on the party seeking interpleader to demonstrate that it "has been or may be subjected to adverse claims." *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974).[2]

No party disputes the Court's jurisdiction or that the amount Pruco seeks to pay into the Court's registry represents the full amount of the proceeds due under the policy.  Competing claims are asserted to those proceeds.  Accordingly, interpleader is appropriate.

## II.  Motion to Dismiss (ECF No. 17)

Klecha maintains that even if interpleader may *theoretically* be appropriate, this action should be dismissed based on *forum non conveniens* and/or *Colorado River* abstention.

### A.   Does *Forum Non Conveniens* Warrant Dismissal?

Klecha argues that the Superior Court of Harris County would be a more convenient forum than the Columbus Division of the Middle District of Georgia, and therefore, Pruco should be forced to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

litigate its interpleader action there.  "*Forum non conveniens*, a common law doctrine, provides that a district court has inherent power to decline to hear a case in which there is proper jurisdiction and venue."  *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1338 (11th Cir. 2020).  The "central purpose" of *forum non conveniens* is "to ensure that the trial is convenient." *Id.* at 1340 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)).  The doctrine should not be invoked "lightly . . . because it effectively deprives the plaintiff of [its] favored forum," so a "defendant bears the burden of justifying dismissal based on *forum non conveniens*."  *Fresh Results, LLC v. ASF Holland, B.V.*, 921 F.3d 1043, 1048 (11th Cir. 2019) (quoting *Kolawole v. Sellers*, 863 F.3d 1361, 1369 (11th Cir. 2017)).  "To satisfy this burden, the defendant must establish that '(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'"  *Id.* (quoting *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011)).

No party seriously disputes that Harris County Superior Court is an adequate alternative forum.  Nevertheless, the Court finds that Klecha has not shown that the private and public interest factors outweigh Pruco's choice of forum.  *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001) (explaining that there

is a "strong presumption" against disturbing a domestic plaintiff's choice of forum).  The private interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing, witnesses; possibility of view of premises" and any other "practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  None of these factors are implicated in this action where the asserted alternative forum is a state courthouse twenty-five miles away from this Court.  *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("*[F]orum non conveniens* 'has continuing application [in federal courts] *only* in cases where the alternative forum is abroad, and perhaps in *rare* instances where a state or territorial court serves litigational convenience best." (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994) (alteration in original) (emphasis added) (citation omitted))); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3828 (4th ed. 2023) (explaining that *forum non conveniens* typically applies when the alternative forum is a foreign court and only "under rare circumstances" should be applied when the alternative forum is a state court).

8

The public interest factors similarly do not support dismissal. These factors include the administrative difficulties of docket congestion, the "local interest in having localized controversies decided at home;" the court's relative familiarity with the substantive law at issue, as well as "avoidance of unnecessary problems in conflict of laws;" and the "unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (quoting *Gulf Oil Corp.*, 330 U.S. at 509). Klecha only seriously disputes the first factor, asserting that parallel litigation will cause unnecessary docket congestion in this Court. She further speculates that litigating this interpleader action in federal court alongside the Harris County slayer statute action will result in jury duty being imposed twice. She argues that because the two actions both involve resolution of the slayer statute issue, this Court should dismiss Pruco's interpleader action because of the risk of duplicative litigation. The Court disagrees. Although the Court acknowledges that both this interpleader action and the Harris County action involve a common issue, Pruco is not a party to the Harris County action. And it opposes re-filing its interpleader action in Harris County or moving to intervene. Accordingly, the Court declines to prioritize Klecha's vague assertions over Pruco's choice of forum, particularly because the events giving rise to this action occurred

in this district.   Klecha's motion to dismiss on *forum non conveniens* grounds is denied.

> B.   Should This Court Abstain Under the *Colorado River* Abstention Doctrine?

Klecha next argues that this action should be dismissed or, alternatively, stayed under the *Colorado River* abstention doctrine.   She contends that the primary issue to be decided in this interpleader action—whether Klecha or Elizabeth is entitled to the insurance proceeds—will be decided in the pending state court action.   In the state court action, Klecha seeks a determination that Elizabeth has no right to any of her brother's estate assets, including the proceeds from the Pruco policy, because she was involved in causing her brother's death.   Similarly in this interpleader action, Klecha will maintain that she (and not Elizabeth) is entitled to the life insurance proceeds for the same reason.

Federal courts generally have a duty to exercise jurisdiction when it exists, as it does here.   But a limited exception to this principle authorizes abstention from the exercise of jurisdiction when a parallel state court proceeding is pending.   *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816–20 (1976).   *Colorado River* abstention requires a two-step analysis.   *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021). First, the court must determine whether the federal and state

litigation are parallel, meaning the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Id.* (quoting *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)). And second, the district court weighs various factors to determine whether the case is "exceptional"—meaning the case is one where "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' warrants a stay or dismissal of the federal litigation in favor of the state litigation, despite the usual duty to exercise jurisdiction." *Id.* at 801 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983)).

> 1. *Are the Parties and Issues in This Action and the State Court Action Substantially Similar?*

In determining whether the present interpleader action and the state court action are "parallel proceedings" for purposes of the first step in the analysis, the proceedings need not be "exactly parallel," so long as they are "substantially similar." *Id.* (alterations omitted) (quoting *Ambrosia Coal*, 368 F.3d at 1330 n.21). The issues in this action and the Harris County slayer statute action are substantially similar. Both actions require the respective courts to determine whether Elizabeth "commit[ted] murder or voluntary manslaughter" by killing decedent or "conspire[d] with another to commit murder" against decedent and

thus forfeited her right to the life insurance proceeds under Georgia's slayer statute.  O.C.G.A. § 33-25-13.  As to the parties in both actions, they are likewise substantially similar.  Although neither Michael D. Smith, the administrator of decedent's estate, nor Pruco are parties to the Harris County slayer statute action, their party status (or lack thereof) will not affect the central question in both actions.  *See Ambrosia Coal*, 368 F.3d at 1329-30 (rejecting argument that the parties and issues in the federal and state cases need to be identical).  Accordingly, the Court finds that this action and the Harris County slayer statute action are sufficiently parallel for abstention purposes.

> 2.   *Do the* Colorado River *Factors Weigh in Favor or Against Abstention?*

At step two, the Court must weigh various factors to determine whether abstention is appropriate.  Those factors include the following:

> (1) [W]hether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, . . . [and] (6) the adequacy of the state court to protect the parties' rights . . . .

*Gold-Fogel*, 16 F.4th at 800 (quoting *Ambrosia Coal*, 368 F.3d at 1331).  The Eleventh Circuit has cited two additional factors—"the vexatious or reactive nature of either the federal or the state litigation" and "whether the concurrent cases involve a federal

statute that evinces a policy favoring abstention"—neither of which are implicated in this action. *Id.* (quoting *Ambrosia Coal*, 368 F.3d at 1331). No one factor is necessarily dispositive. *Ambrosia Coal*, 368 F.3d at 1332. And the factors should not be weighed mechanically. *Id.* Rather, the district court's analysis should be "flexibl[e] and pragmatic[]," always keeping in mind that the balance is "heavily weighted" in favor of exercising jurisdiction. *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16).

Klecha argues that this Court should abstain based on the third factor—the risk of piecemeal and duplicative litigation that could result from concurrent state and federal proceedings on the slayer statute issue. But abstaining would also result in piecemeal and duplicative litigation. As the parties are aware, this action and the Harris County slayer statute action do not exist in a vacuum. Klecha's wrongful death action against Elizabeth has already been fully litigated in this Court. Indeed, the parties completed discovery two years ago and this Court dismissed Klecha's claims against Elizabeth on summary judgment. Dismissing or staying this related interpleader action, which is largely based on the same underlying facts and discovery as the wrongful death action, could unnecessarily delay litigation that could otherwise be resolved expeditiously and efficiently through an accelerated discovery process in this Court. Accordingly, the

Court finds that abstaining would not further the goal of avoiding piecemeal litigation.

The rest of the factors either counsel against abstention or are neutral.  Turning first to the factors weighing against abstention, the Court finds that it would not be any more inconvenient to litigate the case here than in Harris County given the close proximity of the federal forum to the state forum.  *See id.* (explaining that the second factor should focus primarily on the "physical proximity of the federal forum" to the witnesses and evidence).  Regarding the third factor, although discovery has not commenced in either this action or the Harris County slayer statute action, the parties have already completed discovery in the related wrongful death action pending in this Court.  With the appropriate scheduling order that avoids duplication, discovery in this action should be abbreviated.  *See id.* at 1333 (explaining that this factor should be measured by the relative progress of each case (citing *Moses H. Cone*, 460 U.S. at 21)).  Finally, while this action will largely be based on Georgia state law, Klecha has not shown that the applicable law is any more complicated than an ordinary diversity case.  *See Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1143 (11th Cir. 2013) (finding that this factor did not favor abstention when the case did not present "particularly complex" state law questions).  Thus, this Court is

well-equipped to handle the state law questions that will arise in this action.

The remaining factors are essentially neutral.  Neither this Court nor any state court had assumed jurisdiction over the proceeds prior to this Order.  Further, no party has shown that either court would inadequately protect the rights of all parties. *See id.* (recognizing that this factor is neutral when both the state and federal fora would be adequate).

In sum, the Court concludes that the instant action does not present the sort of "exceptional circumstances" that would warrant abstention pursuant to *Colorado River*.  Indeed, all the factors either counsel against abstention or are neutral.  Accordingly, Klecha's Motion to Dismiss, or Alternatively Stay, is denied.

CONCLUSION

For the foregoing reasons, Pruco's Motion to Deposit the Interpleader Funds (ECF No. 10) is granted.  Pruco will be permitted to deposit the life insurance proceeds—$1,000,510.49— plus any applicable interest into the Court's registry.  Klecha's Motion to Dismiss, or Alternatively, Stay (ECF No. 17) is denied. The stay of discovery and any pretrial proceedings is hereby lifted.[3]  Within fourteen days of today's order, the parties shall

---

[3] The Court does not discharge Pruco from all liability at this time. Although the present record does not support a claim for additional liability against Pruco, Elizabeth has filed a counterclaim against Pruco which is premature for resolution given the case's present procedural posture.

submit a jointly proposed scheduling order with a dispositive motion deadline of January 5, 2024.

IT IS SO ORDERED, this 3rd day of October, 2023.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA